IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

| | |
|---|---|
| GENEVIEVE HEALY-PETRIK, an individual, <br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, <br><br> Defendant. | ORDER AND MEMORANDUM DECISION <br><br> Case No. 2:20-cv-611 <br> Judge Tena Campbell |

Defendant State Farm Fire and Casualty Company (State Farm) moves this court to dismiss Plaintiff Genevieve Healy-Petrik's third cause of action of "bad faith." (Def.'s Mot. to Dismiss, ECF No. 3.) Ms. Healy-Petrik, who has an insurance policy from State Farm, claims that State Farm's actions and inactions concerning the insurance policy constitute bad faith. (Compl. at 5.) For the following reasons, the court finds that Ms. Healy-Petrik's bad faith claim is not a plausible claim for relief under Utah law. Accordingly, the court dismisses Plaintiff's third cause of action and Defendant's motion to dismiss is GRANTED. The court rejects Defendant's request for attorney's fees.

## DISCUSSION

Ms. Healy-Petrik brings three causes of action against State Farm: 1) breach of contract; 2) breach of duty of good faith and fair dealing; and 3) bad faith. (Compl. at 3–6.) Ms. Healy-Petrik's claims pertain to a property insurance policy that she obtained from State Farm. When Ms. Healy-Petrik suffered roof damage, she contacted State Farm to open an insurance claim.

1

State Farm agreed to cover a portion of the roof damage but not the full property loss. Ms. Healy-Petrik alleges that State Farm's actions and inactions constituted bad faith when State Farm failed to properly investigate the claim, refused to value the damaged roof with a similar replacement, and did not provide a copy of the insurance policy nor identify the portions of the insurance policy that supported it decisions. (Compl. at 2–3, 5.)

A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a plausible claim for relief. Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).When considering a motion to dismiss for failure to state a claim, the court takes all well-pleaded facts in the complaint as true. Cory v. Allstate Ins., 583 F.3d 1240, 1244 (10th Cir. 2009). But the court is not bound to accept conclusory statements and formulaic recitations of legal elements. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## I. Ms. Healy-Petrik's third cause of action for bad faith is not a plausible claim for relief.

The relationship between Ms. Healy-Petrik and State Farm arises from a contract—the property insurance policy. The policy creates a first-party insurance relationship that defines the parties' duties and obligations. Johnsen & Allphin Properties, LLC v. First Am. Title Ins. Co., No. 2:12-CV-740-DN-PMW, 2016 WL 6459579, at *2 (D. Utah Oct. 31, 2016).  In a first-party insurance situation, "duties and obligations [] are contractual rather than fiduciary, and without more, a breach of Defendant's implied or express duties can give rise only to a cause of action in contract, not one in tort." Johnsen & Allphin Properties, 2016 WL 6459579, at *2; see also Beck v. Farmers Ins. Exch., 701 P.2d 795, 800 (Utah 1985) ("No relationship of trust and reliance is created by the contract; [the contract] simply obligates the insurer to pay claims submitted by the

insured in accordance with the contract"). Accordingly, Utah does not recognize tort causes of action in a first-party relationship between an insurer and its insured. Beck, 701 P.2d at 800–01; see also Crabb v. State Farm Fire & Cas. Co., No. 2:04-CV-00454 PGC, 2006 WL 1214998, at *10 (D. Utah May 4, 2006); Tucker v. State Farm Mut. Auto. Ins. Co., 53 P.3d 947, 951 (Utah 2002).

Because Utah does not recognize Ms. Healy-Petrik's bad faith claim under tort law, the court construes it as a contract claim. But as a contract claim, the bad faith claim is fundamentally the same as Ms. Healy-Petrik's second claim for breach of good faith and fair dealing. The terms "bad faith" and "breach of good faith and fair dealing" are used interchangeably in Utah contract cases. See, e.g. Stapley v. Minnesota Life Ins. Co., No. 2:17-CV-653, 2019 WL 2023721, at *3 (D. Utah May 8, 2019) (referring to the allegation that a party "breached the implied covenant of good faith and fair dealing and acted in bad faith" as one singular claim); Christiansen v. Farmers Ins. Exch., 116 P.3d 259, 260 (Utah 2005) (describing the same claim first as "breach . . . of the implied covenant of good faith and fair dealing" and later as "the bad faith claim."). Because Ms. Healy-Petrik already alleges breach of good faith and fair dealing as her second cause of action, her third bad faith claim is duplicative.

Ms. Healy-Petrik acknowledges that her third claim of bad faith is not truly distinguishable from her second claim of breach of good faith and fair dealing. "Plaintiff is willing to dismiss the bad faith claim to the extent the Court finds that it is entirely duplicative of the breach of the duty of good faith and fair dealing claim, with the caveat that to the extent caselaw refers to 'bad faith' claims, those holdings and theories are potentially applicable under either the breach of contract claim or the breach of the duty of good faith and fair dealing claim." (Pl.'s Opp'n, at 3, ECF No. 15.)

3

The court finds that Ms. Healy-Petrik's third claim should be dismissed because it is not legally distinct from her second claim. To the extent cases use the phrase "bad faith" interchangeably with "breach of good faith and fair dealing," Ms. Healy-Petrik may still utilize the theories and holdings of those cases in advancing her second claim for breach of good faith and fair dealing.

**II.     State Farm is not entitled to attorney's fees.**

State Farm requests that the court award attorney's fees for the time and expense State Farm incurred by filing its motion to dismiss. (Def.'s Mot. to Dismiss at 7.) For a court to award attorney's fees to a prevailing party, the court must determine that the action was 1) without merit and 2) not brought or asserted in good faith. Utah Code Ann. § 78B-5-825.

To determine whether a claim is without merit, a court asks whether the claim is "frivolous or of little weight or importance having no basis in law or fact." Migliore v. Livingston Financial, LLC, 347 P.3d 394, 403 (Utah 2015). Here, Ms. Healy-Petrik's bad faith claim had no basis in law, since it is not recognized as a distinct cause of action separate from her second claim of breach of good faith and fair dealing. Her bad faith claim has no separate weight or importance, and as a result it is without merit.

To find that a claim was not brought in good faith, a court must determine that at least one of the following factors existed: (i) the party lacked an honest belief in the propriety of the activities in question; (ii) the party intended to take unconscionable advantage of others; or (iii) the party intended to or acted with the knowledge that the activities in question would hinder, delay, or defraud others. Migliore, 347 P.3d at 403. There must be sufficient evidence in the record to support a finding that at least one of the factors existed. Id.

4

Here, State Farm has not sufficiently shown that Ms. Healy-Petrik did not act in good faith. State Farm notes that, before it filed its motion to dismiss, its counsel asked Ms. Healy-Petrik's counsel to voluntarily drop the bad faith claim. (Def.'s Mot. to Dismiss 5,7.) Ms. Healy-Petrik's counsel refused to do so, "which caused State Farm to incur the time and expense of bringing this motion." (Def.'s Reply at 6–7, ECF No. 20.)

Even though Ms. Healy-Petrik's counsel refused to drop the bad faith claim, this does not mean that Ms. Healy-Petrik's counsel lacked an honest belief in the success of the claim, took unconscionable advantage of others, or intended to hinder, delay, or defraud others. Ms. Healy-Petrik states that she filed the bad faith claim "in an abundance of caution" after interpreting the case law. (Pl.'s Opp'n at 5.) The interchangeable use of "bad faith" with "breach of good faith and fair dealing" is admittedly confusing, and Ms. Healy-Petrik's assertion of the bad faith claim was an honest one, even though the claim itself is without merit. There is no other evidence to suggest that Ms. Healy-Petrik's counsel took unconscionable advantage of another or intended to hinder, delay, or defraud State Farm.

Because State Farm has not provided sufficient evidence to show that one of the three Migliore factors existed, the court does not find that Ms. Healy-Petrik did not act in good faith under Utah Code Ann. § 78B-5-825(1). State Farm is not entitled to attorney's fees.

## CONCLUSION

For the foregoing reasons, State Farm's motion to dismiss (ECF No. 3) is GRANTED and Ms. Healy-Petrik's third claim is dismissed with prejudice. Attorney's fees are NOT AWARDED.

5

DATED this 26th day of October, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

6